IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| Evelyn Whitworth, ) | |
| ) | |
| ) | JURY TRIAL DEMANDED |
| Plaintiff, ) | |
| ) | Cause No.  2:23-cv-4080 |
| v. ) | |
| ) | |
| ) | |
| City of Laurie, Missouri; ) | |
| <u>Serve City Clerk At:</u> ) | |
| Cathy Daniels ) | |
| 147 South Main, ) | |
| Laurie, Missouri 65037, ) | |
| ) | |
| and ) | |
| ) | |
| Nick Shoemate, ) | |
| Laurie Police Department Officer ) | |
| DSN #330, individually and in his ) | |
| official capacity as a police officer for ) | |
| the City of Laurie, Missouri; ) | |
| <u>Serve At:</u> ) | |
| 147 N. Main St. ) | |
| Laurie, MO 65037, ) | |
| ) | |
| Defendants. ) | |

**<u>VERIFIED CLASS-ACTON COMPLAINT FOR DECLARTORY AND
INJUNCTIVE RELIEF AND INDIVIDUAL COMPLAINT FOR DAMAGES</u>**

COMES NOW Plaintiff Evelyn Whitworth ("Plaintiff") by and through undersigned counsel, and as for her Complaint for Declaratory and Injunctive Relief and Individual Complaint for Damages against Defendant Laurie City ("City")  and Laurie Police Department Officer Nick Shoemate, DSN #330 ("Shoemate"), and hereby states to this Honorable Court as follows:

1

*Introduction*

1. This is a civil rights action filed by Plaintiff challenging the policy and custom of the City of Laurie, Missouri, of allowing police officers to pull over, detain, and cite individuals who are perceived as having communicated to oncoming traffic that a police or a speed trap is ahead by flashing their headlamps and then prosecuting and imposing fines upon these individuals.

2. The policy and/or custom includes citing and prosecuting individuals for violation of an ordinance that no reasonable officer would believe the individuals had violated, without reasonable suspicion or probable cause to believe they had violated any law, and in retaliation for the individuals having engaged in expressive conduct protected by the First Amendment.

3. In this action, brought pursuant to 42 U.S.C. § 1983, Plaintiff seeks damages on her individual claims. In addition, she seeks declaratory and prospective relief on behalf of a class of similarly situated individuals.

*Jurisdiction and Venue*

4. The allegations contained in all aforementioned Paragraphs are hereby realleged and incorporated as if fully set forth herein.

5. This action arises under the Constitution of the United States and provisions of 42 U.S.C. § 1983.

6. Venue is proper in the Western District pursuant to 28 U.S.C. § 1391(b)(1)-(2) because all Defendants reside in Morgan County, Missouri, and a substantial part of

the events or omissions giving rise to the claims occurred in Morgan County, which is in the Western District of Missouri in its Central Division.

*Parties*

7. The allegations contained in all aforementioned Paragraphs are hereby realleged and incorporated as if fully set forth herein.

8. Plaintiff is a resident of Gravois Mills, Missouri.

9. Defendant City is a municipal corporate and political subdivision of the State of Missouri.

10. Upon information and belief, Defendant Nick Shoemate is a police officer of the City of Laurie, Missouri. On or about November 17, 2022, Officer # 330 pulled over Plaintiff's vehicle and issued her a Morgan County Municipal citation No. 210403876 for "Fail to dim [sic]" after Plaintiff flashed her vehicle's headlights to warn other drivers of police presence. Plaintiff was flashing her headlights to communicate caution to other drivers, and she was not driving with her high beams on. Shoemate is sued in his individual and official capacities.

11. All Defendants have acted, and continue to act, under color of state law at all times relevant to this Complaint.

*Applicable Law*

12. The allegations contained in all aforementioned Paragraphs are hereby realleged and incorporated as if fully set forth herein.

3

13. Police must have reasonable suspicion or probable cause to detain an individual and limit them from certain freedoms, including the freedom to leave from being detained.

14. The "loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury." *Elrod v. Burns*, 427 U.S. 347, 373 (1976).

15. Recently, the United States Court for the Eastern District of Missouri reprimanded an officer and the City of Ellisville, Missouri, for nearly identical police misconduct for issuing a citation for an action that was also protected freedom of speech and issued an injunction for a nearly identical headlights ordinance. *See* Doc. No. 5, *Michael J. Elli v. City of Ellisville, Missouri*, et al. 997 F. Supp. 2d 980 (E.D. Mo. 2014).

16. "When "[a]n intent to convey a particularized message [is] present, and in the surrounding circumstances the likelihood [is] great that the message would be understood by those who viewed it," it is speech protected by the First Amendment. *See Spence v. State of Wash.*, 418 U.S. 405, 410-11 (1974).

17. It is clear "that 'Freedom of speech and freedom of the press, which are protected by the First Amendment from infringement by Congress, are among the fundamental personal rights and liberties which are protected by the Fourteenth Amendment from invasion by state action. *Chaplinsky v. State of New Hampshire*, 315 U.S. 568, 570–71, 62 S. Ct. 766, 768, 86 L. Ed. 1031 (1942).

18. It is firmly settled that under our Constitution the public expression of ideas may not be prohibited merely because the ideas are themselves offensive to some of their hearers, like Defendant Shoemate. *Spence,* 418 U.S. 405 at 842 (1974).

4

*Factual Allegations Common to All Counts*

19. The allegations contained in all aforementioned Paragraphs are hereby realleged and incorporated as if fully set forth herein.

20. Plaintiff is a resident of Gravois Mills, Missouri.

21. On or about November 17, 2022, Plaintiff was driving in the City of Laurie, Missouri when she observed a marked police vehicle in the Bank of Versailles parking lot engaging in what appeared to be a "speed trap" operation to run RADAR on oncoming traffic.

22. Plaintiff communicated caution and/or warning with other drivers on the road by flashing her vehicle's headlights to warn other drivers approaching from the opposite direction of traffic of police presence and to proceed with caution.

23. It is a normal custom for drivers to use flashing their headlights of their vehicles to communicate "caution" to other drivers on the road, and this concept of communication is commonly understood by the public.

24. The Missouri Department of Revenue, which is responsible for the licensing of drivers within the State of Missouri, actually recommends drivers flash their headlamps to warn other drivers of emergencies.

25. Plaintiff's caution communication to other drivers with her headlights is no different than if Plaintiff had verbally told someone at a nearby gas station "Hey, be careful there is a speed trap over there."

26. Just like if Plaintiff had made this caution communication with her voice, Plaintiff's flashing of her vehicle headlights to convey this message is also protected expression speech.

27. Plaintiff's communicating with headlights to other drivers did not violate any state or local laws.

28. Shoemate was traveling in traffic in a marked police vehicle and activated his flashing emergency lights to signal to Plaintiff to pull over her car to the side of the road after she had used her headlights to communicate with other drivers.

29. Plaintiff peacefully and immediately complied, allowing Shoemate to pull over Plaintiff's vehicle after she made this communication to other drivers.

30. After approaching her car, Shoemate lectured Plaintiff for flashing her headlights to other drivers to warn of police presence and dramatically attempted to intimidate and manipulate Plaintiff for her completely legal actions. Shomate accused Plaintiff of putting his police officer partner's life in danger by flashing her lights, and stated if a "bad guy" saw her flashing her headlights the "bad guy" he could go kill his partner.

31. As part of this lecture, Shoemate stated Plaintiff's actions of flashing her headlights annoyed him.

32. For all times relevant herein, no Laurie police officers were put in immdiate danger or threatened by Plaintiff's legal actions of flashing her headlights to communicate caution to other drivers.

6

33. Shoemate issued Plaintiff a citation for "Fail to dim [sic]" for her communication with other drivers of flashing her headlights.

34. Without reason or cause, Shoemate detained and lectured Plaintiff for approximately ten to fifteen minutes during the course of making a traffic stop and after issuing her a citation.

35. Plaintiff was not free to leave the traffic stop until after Shoemate issued her a citation and lectured her.

36. At the time he pulled over Plaintiff's vehicle and detained her, Shoemate did not have reasonable suspicion to believe that Plaintiff had violated any laws.

37. During this traffic stop, Shoemate admitted that he was issuing Plaintiff a ticket out of retaliation for flashing her headlights to communicate police presence to other drivers.

38. Shoemate admitted Plaintiff's conduct for communicating police presence with other drivers made him "mad," during his inappropriate lecture of her for longer than was necessary to stop Plaintiff's vehicle.

39. At the time Plaintiff was issued a citation by Shoemate, she was not violating any laws.

40. Upon information and belief, Shoemate has a history of similar violations and officer misconduct while working for Laurie Police Department.

41. Despite Shoemate's history of violating laws and due process procedures for detaining individuals that have not committed any crime and/or that Shoemate has no

7

reasonable suspicion to believe committed a crime, Shoemate is still employed by Laurie Police Department.

42. Prior to the incident at issue in this case, Plaintiff had not been alleged to have committed any traffic violations or other infractions while driving.

43. Plaintiff was distraught over this interaction, and as a result of Shoemate's unlawful treatment and unwarranted intimidation of her, she has lost trust in local police.

44. Shoemate issued Plaintiff ticket no. 210403876, for "Fail to dim [sic]", citing ordinance number "ORD304.0-162N202154.0" as his authority to do so.

45. "ORD304.0-162N202154.0" does not even exist as a code or ordinance to enforce for the City of Laurie, Missouri.

46. Further, Chapter "304" of the noted alleged ordinance Plaintiff violated does not even exist under the City's government code.

47. Upon information and belief, there is no Laurie City ordinance or state law which permitted Shoemate to ticket Plaintiff for "Fail to dim [sic]."

48. Plaintiff did not violate any laws on November 17, 2022, prior to being pulled over by Shoemate.

49. The citation notified Plaintiff that she must appear in court on January 30, 2023, at 2:00 p.m.

50. The citation notified Plaintiff "YOUR FAILURE TO APPEAR IN COURT AT THE TIME SPECIFIED ON THIS CITATION AS DIRECTED MAY RESULT IN THE SUSPENSION OF YOUR DRIVER'S LICENSE AND DRIVING PRIVILEGE AND MAY RESULT IN A WARRANT BEING ISSUED FOR YOUR ARREST."

51. The fabricated offense Plaintiff was charged with required at least one court appearance.

52. A reasonable officer would have known that Plaintiff had not violated any laws at the time she was issued the ticket by Shoemate on November 17, 2022.

53. Plaintiff was also unnecessarily chastised further by the judge when she appeared at a court date to request a continuance for time to retain legal counsel.

54. At this court appearance, Plaintiff indicated to the judge that she did not want to plead guilty to the citation because she did not believe flashing her headlights as a communication to other drivers violated any laws.

55. Plaintiff requested additional time to speak with counsel about this ticket, but the judge entered a plea of not guilty and she was ordered to return to municipal court on March 27, 2023.

56. Plaintiff has missed work and has been inconvenienced by having to appear in court for a ticket she received after violating no laws.

57. By issuing Plaintiff a citation when she had not violated any laws, Shoemate initiated the prosecution of Plaintiff because he was "annoyed" at her for flashing her headlights.

58. Upon information and belief, the City has a pattern and practice of permitting, condoning, and/or otherwise allowing police officers to cite drivers for flashing their lights as a warning communication to other drivers.

59. The City's ordinance relevant to dimming lights, which Plaintiff notably was not cited for, "Section 370.100 Limitations on Lamps Other Than Headlamps — Flashing Signals Prohibited Except on Specified Vehicles," provides:

> Any lighted lamp or illuminating device upon a motor vehicle other than headlamps, spotlamps, front direction signals or auxiliary lamps which projects a beam of light of an intensity greater than three hundred (300) candlepower shall be so directed that no part of the beam will strike the level of the roadway on which the vehicle stands at a distance of more than seventy-five (75) feet from the vehicle. Alternately flashing warning signals may be used on school buses when used for school purposes and on motor vehicles when used to transport United States mail from post offices to boxes of addressees thereof and on emergency vehicles as defined in Section 300.010 of this Title and on buses owned or operated by churches, mosques, synagogues, temples or other houses of worship and on commercial passenger transport vehicles that are stopped to load or unload passengers, but are prohibited on other motor vehicles, motorcycles and motor-drawn vehicles except as a means for indicating a right or left turn.

60. On its face, this policy restricts and/or prohibits Plaintiff and any other drivers from using their First Amendment protected right to free speech and expression by restricting when Plaintiff is permitted to use flashing headlights as a warning communication to other drivers.

61. No reasonable officer would believe that Plaintiff violated Section 370.100.

62. Prior to the filing of this Complaint, Plaintiff made efforts to communicate with the judge and prosecuting attorney and requested to have the fraudulent and unlawful ticket dismissed, to no avail.

63. The citation against Plaintiff is considered a "moving violation," and if Plaintiff were found guilty, points would be assessed against her license.

10

64. The Missouri Department of Revenue will report any points on Plaintiff's driver's license, and any points incurred would cause Plaintiff's car insurance premiums to significantly increase for three years.

65. Additionally, if Plaintiff is forced to plead guilty to this ticket it would permanently remain on her driving record.

66. Defendants have caused Plaintiff to be pulled over, detained, cited, and prosecuted in retaliation for Plaintiff's communication of the message that approaching drivers should proceed with caution.

67. Defendants have caused Plaintiff to be pulled over, detained, cited, and prosecuted without reasonable suspicion or probable cause to believe that she had committed any crime at the time of the incident.

68. Upon information and belief, it is a widespread practice of City to pull over, detain, and cite individuals who are perceived as having communicated to oncoming traffic that a police "speed trap" is ahead by flashing their headlights, and then prosecute and impose fines upon those individuals.

69. In addition, the widespread practice includes citing and prosecuting individuals for violation of an ordinance that no reasonable officer would believe the individuals had violated, without reasonable suspicion or probable cause to believe they had violated any law, and in retaliation for the individuals having engaged in conduct protected by the First Amendment.

70. City officials are aware of this widespread practice of citing and prosecuting individuals for violation of an ordinance that no reasonable officer would

11

believe the individuals had violated, without reasonable suspicion or probable cause to believe they had violated any law, and in retaliation for the individuals having engaged in conduct protected by the First Amendment.

71. As the direct and proximate result of Defendants' actions and inactions, Plaintiff has suffered, and continues to suffer, from the following damages:

   a. Violation of her rights under the First Amendment applicable through the Fourteenth Amendment, to be free from detention, prosecution, or both for constitutionally protected acts of expression;

   b. Unreasonable seizure of her person without a warrant, reasonable suspicion, or probable cause in violation of the Fourth Amendment, applicable through the Fourteenth Amendment;

   c. Unlawful deprivation of her liberty without due process in violation of the Fifth Amendment, applicable through the Fourteenth Amendment;

   d. Deprivation of her liberty for approximately fifteen minutes during the traffic stop and during every required court appearance thereafter;

   e. Plaintiff, and the community, have experienced reasonable chill in communicating by flashing headlights for fear of detention, citation, prosecution, and punishment.

72. Absent injunctive relief, Plaintiff reasonably fears that she will be harmed if she communicates with other drivers by flashing her headlights, and as a result, has refrained from doing so and will refrain from doing so in the future.

73. As of the date of filing of this Complaint the above-referenced citation Plaintiff received is still pending and the City refuses to dismiss it.

## COUNT I
*Violation of Civil Rights – 42 U.S.C. §1983*
*Claim for Declaratory and Injunctive Relief on Behalf of Plaintiff and Putative Class*
*Against Defendant City of Laurie, Missouri, and Defendant Shoemate*

74. The allegations contained in all aforementioned Paragraphs are hereby realleged and incorporated as if fully set forth herein.

75. The named Plaintiff is a member of a Class of current and future individuals who drive vehicles within the City of Laurie, Missouri, and have communicated (or would communicate but for fear of detention, citation, prosecution, and punishment) by flashing their headlights.

76. There are questions of law and fact that are common to the Class, including, but not limited to, the legal questions of whether Defendants' policies and customs impermissibly infringe the Class members' rights to engage in expressive activities as guaranteed by the United States Constitution and whether Defendants' policy of stopping, detaining, citing, prosecuting, and punishing Class members who communicate by flashing their headlamps under the guise of alleging violations of alleged City ordinances, without reasonable suspicion or probable cause to believe that such activity violates any ordinance, is repugnant to the Fourth and Fifth Amendments of the United States Constitution.

77. The named Plaintiff's claims for prospective relief are typical of the claims of the Class.

78. The named Plaintiff will fairly and adequately protect the interests of the Class.

79. Defendants' policies and customs that are the subject of this suit are generally applicable to the Class, thereby making it appropriate for this Court to grant injunctive and any corresponding declaratory relief to the Class as a whole.

WHEREFORE, Plaintiff requests relief as follows:

A. Certify a Plaintiff Class consisting of current and future individuals who drive vehicles within the City of Laurie, Missouri, and have communicated (or would communicate but for fear of detention, citation, prosecution, and punishment) by flashing their headlights;

B. Appoint Plaintiff as a Class Representative and her counsel as Class Counsel;

C. Enter a declaration, pursuant to 42 U.S.C. § 1983, that Defendants' policies and customs violate the Constitution;

D. Enter preliminary and permanent injunctions prohibiting Defendants and their officers, agents, servants, and employees, from stopping, detaining, citing, prosecuting, or punishing any individual for the act of flashing their headlights;

E. Award Plaintiff's costs, including reasonable attorneys' fees under 42 U.S.C. § 1983, and under other applicable law; and

F. Allow such other and further relief for the Plaintiff Class as the Court deems just and equitable.

# COUNT II
*Violation of Civil Rights – 42 U.S.C. §1983*
*Claim for Unlawful Seizure Against Defendant Shoemate in his Individual Capacity*

80. The allegations contained in all aforementioned Paragraphs are hereby realleged and incorporated as if fully set forth herein.

81. Defendant Shoemate, acting under color of law, required Plaintiff to pull her vehicle over to the side of the road and remain on the side of the road for approximately fifteen minutes without reasonable suspicion or probably cause to believe that Plaintiff had violated any law.

82. Shoemate admitted to detaining and citing Plaintiff because he was "annoyed" at her for flashing her headlights as a caution communication to other drivers.

WHEREFORE, Plaintiff requests relief as follows:

A. Enter a judgment in favor of Plaintiff against Defendant Shoemate, in his individual capacity, pursuant to 42 U.S.C. § 1983;

B. Award Plaintiff compensatory damages against Shoemate, in his individual capacity, for his violation of Plaintiff's constitutional rights under the color of state law;

C. Award Plaintiff's costs and reasonable attorneys' fees; and

D. Allow such other and further relief to which this Court determines Plaintiff is entitled.

# COUNT III
*Violation of Civil Rights – 42 U.S.C. §1983*
*Claim for Unlawful Seizure Against Defendant Shoemate in his Individual Capacity*

83. The allegations contained in all aforementioned Paragraphs are hereby realleged and incorporated as if fully set forth herein.

84. Defendant Shoemate, acting under color of law, lacked probable cause to initiate criminal proceedings against Plaintiff for an alleged violation of City ordinance.

85. A reasonable officer would have known that there was no probable cause to initiate a proceeding against Plaintiff for alleged violations of city ordinance.

86. In initiating a proceeding against Plaintiff, Shoemate acted maliciously, in retaliation for Plaintiff's communication to other drivers, or for additional personal "god-complex" purposes other than protecting and serving the community.

87. Shoemate has a reputation for similar constitutional violations against people he has detained and/or arrested, of which the City is aware.

88. As a consequence of the initiation of the prosecution against Plaintiff, Plaintiff has suffered – and continues to suffer – harm including the unlawful deprivation of her liberty for time she was detained for no cause and time she is required to continue appearing in municipal court.

WHEREFORE, Plaintiff requests relief as follows:

A. Enter a judgment in favor of Plaintiff against Defendant Shoemate, in his individual capacity, pursuant to 42 U.S.C. § 1983;

B. Award Plaintiff compensatory damages against Defendant Shoemate, in his individual capacity, for his violation of Plaintiff's constitutional rights under the color of state law;

C. Award Plaintiff's costs and reasonable attorneys' fees and;

D. Allow such other and further relief to which this Court believes Plaintiff is entitled.

## COUNT IV

*Violation of Civil Rights – 42 U.S.C. §1983 - Claim for First Amendment Retaliation Against Defendant* Shoemate *in his Individual Capacity*

89. The allegations contained in all aforementioned Paragraphs are hereby realleged and incorporated as if fully set forth herein.

90. Plaintiff's conduct of communicating a message to other drivers by flashing her headlights is expressive activity protected by the First Amendment.

91. Plaintiff's communication to other drivers did not violate any law.

92. But for Defendant Shoemate's retaliatory animus regarding Plaintiff's communication by flashing her headlights, Defendant Shoemate would not have pulled over Plaintiff's vehicle and detained her.

93. But for Defendant Shoemate's retaliatory animus regarding Plaintiff's communication by flashing her headlights, Defendant Shoemate would not have detained Plaintiff while preparing a citation and lecturing her for approximately ten to fifteen minutes during the traffic stop.

94. But for Defendant Shoemate's retaliatory animus regarding Plaintiff's communication by flashing her headlights, Defendant Shoemate would not have initiated a proceeding in municipal court against Plaintiff for allegedly violating City ordinance.

95. But for Defendant Shoemate's retaliatory animus regarding Plaintiff's communication by flashing her headlights, Plaintiff would not have been required to appear in municipal court several times.

WHEREFORE, Plaintiff requests the relief as follows:

A. Enter a judgment in favor of Plaintiff against Defendant Shoemate, in his individual capacity, pursuant to 42 U.S.C. §1983;

B. Award Plaintiff compensatory damages against Defendant Shoemate, in his individual capacity, for his violation of Plaintiff's constitutional rights under the color of state law;

C. Award Plaintiff's costs and reasonable attorneys' fees; and

D. Allow such other and further relief to which Plaintiff may be entitled to.

### COUNT V
*Violation of Civil Rights – 42 U.S.C. §1983*
*Against Defendant City of Laurie, Missouri and*
*Defendant Shoemate in his Official Capacity*

96. The allegations contained in all aforementioned Paragraphs are hereby realleged and incorporated as if fully set forth herein.

97. Defendants maintain policies and customs of stopping, detaining, citing, prosecuting, and punishing individuals who communicate by flashing their headlights for allegedly violating City ordinances without reasonable suspicion or probable cause to

believe that such activity actually violated any law, and in retaliation for First Amendment protected activities.

98. Plaintiff's injuries described herein were proximately caused by Defendant's policies and customs.

WHEREFORE, Plaintiff requests relief as follows:

A. Enter a judgment in favor of Plaintiff against Defendants, in their official capacity, pursuant to 42 U.S.C. §1983;

B. Award Plaintiff compensatory damages against Defendants, and Shoemate in his official capacity, for their violations of Plaintiff's constitutional rights under the color of state law;

C. Award Plaintiff's costs and reasonable attorneys' fees; and

D. Allow such other and further relief to which Plaintiff may be entitled.

## DEMAND FOR JURY TRIAL

Plaintiff demands a **TRIAL BY JURY** in the Western District Court of Missouri, as to any and all counts and/or allegations alleged in this Complaint.

Dated: April 10, 2023

Respectfully submitted,

SPARKS LAW FIRM

By: Paige Sparks
Paige Sparks, #72143MO
Samantha J. Sparks, #72058MO
2025 Zumbehl Road, #102
St. Charles, MO 63303
Phone: (636) 373-9375
Fax: (314) 451-2567
paige@sparks-legal.com
sam@sparks-legal.com

*COUNSEL FOR PLAINTIFF*

## Verification

      I have studied the allegations of the Verified Complaint and, pursuant to 428 U.S.C. §1746, I declare under penalty of perjury that the foregoing is true and correct based upon my personal knowledge.

/s/ Paige Sparks
Paige Sparks, #72143MO